UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY T. GAY,

    Plaintiff,

v.
                                                   Case No. 11-10771
                                                   Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff filed applications for Social Security Disability Insurance Benefits and supplemental security income ("benefits") in January 2008, alleging that he became disabled in October 2007. The Social Security Administration denied Plaintiff's applications for benefits initially. Upon Plaintiff's request, Administrative Law Judge Timothy C. Scallen ("ALJ") conducted a *de novo* hearing on January 8, 2010. At the hearing, Plaintiff amended his disability onset date to October 2005. The ALJ issued a decision on April 21, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

Plaintiff had previously filed an application for benefits in April 2005, alleging an onset date in October 2004. His application was denied initially and subsequently

following a hearing by an ALJ on October 12, 2007.[1] Plaintiff did not seek review of these earlier decisions.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On January 5, 2012, Magistrate Judge Majzoub filed her Report and Recommendation (R&R) recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's motion. At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections to the R&R on January 19, 2012.

## **Standard of Review**

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

---

[1] In 2007, the ALJ found that Plaintiff had the following severe impairment: multilevel degenerative disc disease with nerve root impact at L5-S1 without radiculopathy. (A.R. at 81.) The ALJ limited Plaintiff to the full range of light work and found that he could perform his past relevant work and therefore was not disabled. (*Id*. at 82-84.)

2

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## **Analysis**

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first

3

four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[2]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[3]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[4] *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant

---

[2]The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 22, 2005. (A.R. at 16.)

[3]The ALJ concluded that Plaintiff has the following severe impairments: multilevel degenerative disc disease with nerve root impact at L5-S1 without radiculopathy; asthma; chronic obstructive pulmonary disease (COPD); and obesity. (A.R. at 16.)

[4]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. *(*A.R. at 16-17.)

can perform his or her past relevant work.[5] 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[6] *Id.*

Plaintiff raises seven objections to the R&R. First, Plaintiff claims that Magistrate Judge Majzoub's finding that the ALJ did not "reopen" Plaintiff's 2005 claim is not supported by the facts. Plaintiff's remaining six objections relate to his assertion that the ALJ improperly failed to address and give the proper weight to the reports/opinions of his examining physicians, Dr. Cheryl D. Lerchin and Dr. Todd T. Best. Specifically, Plaintiff argues:

> •The magistrate judge's contention, that the substantial evidence supports the ALJ's decision to deny benefits, relies on speculation and fails to consider the ALJ's failure to perform his duty to address significant opinion evidence by examining medical experts;

---

[5]The ALJ found that Plaintiff would have the residual functional capacity to perform light work, with the following limitations: occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ropes, ladders, or scaffolds; sit/stand option at will; and avoid concentrated exposure to unprotected heights, vibrating tools, moving machinery, as well as avoid concentrated exposure to dust, fumes, gases, and smoke. (A.R. at 17.) The ALJ concluded that, based on this RFC, Plaintiff is not able to perform his past relevant work as a cook, housekeeper, or line stocker. (*Id*. at 20.)

[6]The ALJ determined that considering Plaintiff's age, educational background, work experience, and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform based on his exertional and non-exertional limitations. (A.R. at 21.) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (*Id*. at 21-22) Magistrate Judge Majzoub found substantial evidence on the record to support this finding. (*See* R&R at 15-16.)

- The magistrate judge's finding that the ALJ's failure to explicitly discuss the evidence from Dr. Lerchin and Dr. Best does not amount to reversible error relies on speculation and is legally incorrect;

- The magistrate judge's finding that Dr. Lerchin's opinion falls within the ALJ's RFC and therefore the RFC incorporated Dr. Lerchin's opinion is not only speculation, but is also irrelevant to the issues at hand;

- The magistrate judge's finding that the ALJ "indirectly attacked" Dr. Best's opinion is not supported by the facts or the law;

- The magistrate judge's R&R fails to address Plaintiff's contention that the ALJ impermissibly gave more weight to a non-examining, non-medical opinion than he did to the examining medical sources without legal foundation;

- The ALJ's hypothetical failed to include all of Plaintiff's limitations in accordance with Dr. Best's opinion.

<u>Objection Related to Whether the ALJ Reopened Plaintiff's Previous Case</u>

Plaintiff argued in his summary judgment motion and argues again in his objections that the ALJ reopened his earlier claim. This Court agrees with Magistrate Judge Majzoub, however, that there is no evidence that the ALJ did so. As relevant to this case, under the governing federal regulations, a decision may be reopened within twelve months for any reason and within two years of the date of notice of the initial determination for good cause. 20 C.F.R. § 416.1488. The initial determination in Plaintiff's initial case was issued on September 6, 2005– more than two years before Plaintiff filed the applications for benefits at issue in the present matter. Thus the ALJ had no authority to reopen the earlier case and, as Magistrate Judge Majzoub correctly found, there is nothing suggesting that he did.

Instead, the ALJ referred to Plaintiff's initial case in regard to evaluating whether the determinations made in that case were binding under the doctrine of res judicata. (*See* A.R. at 14.) Citing to the Sixth Circuit's decision in *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842-43 (1997), the ALJ correctly indicated that he was not bound by the earlier decision if there is new and additional evidence or changed circumstances. (*Id*.) The ALJ found such new and additional evidence. (*Id*. at 14.) This new evidence led the ALJ to conclude that Plaintiff suffered from additional impairments and had further restrictions. (*Id*.)

Objections Related to Drs. Lerchin and Best

An ALJ's decision generally is subject to reversal where the ALJ failed to provide good reasons for not giving weight to the opinion of the claimant's treating physician. *Wilson v. Comm'r of Soc. Security*, 378 F.3d 541 (6th Cir. 2001). In *Wilson*, the Sixth Circuit recognized three instances where reversal may not be warranted: (1) "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant"; or (3) where the Commissioner has met the goal of the regulations even though not complying with its terms (e.g., by indirectly addressing the opinion through analysis of other evidence). *Id.* at 547.

Magistrate Judge Majzoub correctly concluded that the ALJ's findings were

consistent with Dr. Lerchin's report following her evaluation of Plaintiff on August 12, 2005.[7] Magistrate Judge Majzoub also correctly concluded that Dr. Best's opinion was so patently deficient that the ALJ could not possibly credit it. As such, Magistrate Judge Majzoub did not err in finding that the ALJ's failure to address either opinion warranted reversal and that substantial evidence could be found in the record to support the ALJ's decision even without considering these doctors' opinions.

In her August 12, 2005 report, Dr. Lerchin noted that Plaintiff "is independent with activities of daily living," does not drive only because his license has been suspended due to excessive tickets, "was able to ambulate independently throughout the office, and was able to get onto and off of the examination table independently." (A.R. at 305.) She indicates that "[c]ranial nerves II-XII were grossly intact. Strength was 5/5 throughout. Sensation was intact . . . Deep tendon reflexes were regular and symmetric throughout." (*Id.*) Dr. Lerchin found Plaintiff's coordination intact, that he was able to complete tandem gait, heel walking and toe walking, no sacroiliac joint or sciatic notch tenderness, that straight leg raising was negative," and that he had "full range of motion of the lumbar spine." (*Id.*) Dr. Lerchin concluded that Plaintiff's low back pain was "likely due to lumbar strain with possible superimposed radiculopathy." (*Id.*) She advised that Plaintiff

---

[7]Notably, the ALJ rendering a decision on Plaintiff's earlier claim for benefits who also had the benefit of Dr. Lerchin's report (and expressly addressed the report) concluded that Plaintiff had the residual functional capacity to perform the full range of light work with no additional limitations, including any limits on Plaintiff's bending, twisting, or stationary abilities. (A.R. at 82-83.)

be limited in his bending and twisting, ability to lift more than 20 pounds, and the amount of time he spends in any one position. (A.R. at 305.) She did not believe that Plaintiff needed any further restrictions. (*Id.*)

Consistent with these recommendations, the ALJ limited Plaintiff to "light work" with no climbing ropes, ladders, or scaffolds and only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, or crawling. (A.R. at 17.) The ALJ required a sit/stand option at will, thereby avoiding the amount of time Plaintiff spends in any one position. (*Id.*) By definition, "light work" requires lifting no more than 20 pounds at a time. 20 C.F.R. § 404.1567(b).

In July 2007, Plaintiff visited Dr. Best for a disability determination evaluation. (A.R. at 306.) Following a physical examination of Plaintiff, Dr. Best generally reported normal findings, except a slow and stiff gait with Plaintiff's first few steps, back pain when walking on heels and toes, a limit on Plaintiff's ability to squat and do heel pumps due to back pain, and a limited ability to bend forward at the low back. (A.R. at 307-08.) Despite finding that Plaintiff was capable of engaging in most daily activities (except shopping) and ambulating without a cane, Dr. Best indicated that he could walk and stand for only one hour at a time and no more than two hours in an eight hour work day. (*Id.* at 297, 302.) He reported that Plaintiff could sit for only fifteen minutes at a time. (*Id.* at 297.)

As Magistrate Judge Majzoub correctly pointed out, there is nothing in Dr. Best's notes and no other medical evidence in the record to support his restrictions on Plaintiff's

9

activities. Dr. Best did not explain the basis for the restrictions imposed; in fact, he did not diagnose Plaintiff with a particular medical impairment or set forth any specific medical findings. (A.R. at 296-302, 306-09.) Dr. Best's restrictions also are inconsistent with his own finding that Plaintiff is capable of engaging in a wide range of daily living activities. Notably, while Dr. Best reported in July 2007 that Plaintiff was incapable only of shopping, Plaintiff testified at the administrative hearing in March 2008 that he does the grocery shopping. (A.R. at 18.) The ALJ who reviewed Dr. Best's report in evaluating Plaintiff's initial claim for benefits also found it "curious[]" that Plaintiff told Dr. Best that sitting more than 15 minutes increases his pain when Plaintiff testified at the administrative hearing just two months later that he could sit for longer than 15-20 minutes. (A.R. at 83.) Additionally, a month after Dr. Best saw Plaintiff, an orthopedic specialist, Dr. Michael J. Fugle, examined Plaintiff and reported good heal/toe walking. Further, after examining Plaintiff and ordering and reviewing x-rays, an electro-myography of the lower extremities and an MRI, Dr. Fugle only recommended that Plaintiff undergo physical therapy.[8] (A.R. at 200.) In light of these inconsistencies and findings not supported by medically verifiable evidence, this Court concurs in Magistrate Judge Majzoub's conclusion that the ALJ's failure to address Dr. Best's opinion did not constitute reversible error.

---

[8] Based on these tests, Dr. Fugle also ruled out Dr. Lerchin's impression of "possible superimposed radiculopathy" (*see* A.R. at 202)– a finding by Dr. Lerchin that Plaintiff claims the ALJ improperly ignored. (Obj. at 7.)

**Conclusion**

For the above reasons, the Court finds no merit to Plaintiff's objections to Magistrate Judge Majzoub's R&R. The Court concurs with Magistrate Judge Majzoub's determination that the Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence.

Accordingly,

**IT IS ORDERED**, that the Court adopts Magistrate Judge Majzoub's Report and Recommendation to **AFFIRM** the decision of the Commissioner;

**IT IS FURTHER ORDERED**, Plaintiff's motion for summary judgment is **DENIED**; and

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

Date: February 22, 2012             s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:
Frederick J. Daley, Jr., Esq.
AUSA Lynn M. Dodge
Magistrate Judge Mona K. Majzoub