UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY T. GAY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                  /

Case No. 11-10771
Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) OR ALTERNATIVELY MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

Plaintiff initiated this action to challenge the Social Security Commissioner's final decision denying Plaintiff's application for Social Security Disability Insurance Benefits and supplemental security income. In an opinion and order issued February 22, 2012, this Court affirmed the Commissioner's decision. On March 22, 2012, Plaintiff filed a motion to amend judgment or, alternatively, for relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), respectively. The Commissioner filed a response to the motion on April 5, 2012. For the reasons that follow, Plaintiff's motion is denied.

A motion to alter or amend a judgment must be filed no later than twenty-eight (28) days after entry of the judgment. Rule 59(e) motions may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804,

834 (6th Cir. 1999).

More time is allowed to file a motion for relief from judgment under Rule 60.[1] A Rule 60(b) motion, however, may be granted only for certain specified reasons.[2] Fed. R. Civ. P. 60(b). In his pending motion, Plaintiff relies on subsection (6): "any other reason that justifies relief." *Id*. Plaintiff did not timely file his motion pursuant to Rule 59(e) and he fails to demonstrate a reason justifying relief under Rule 60(b).

Plaintiff first argues that this Court erred in relying on 20 C.F.R. § 416.1488 to conclude that the ALJ did not reopen Plaintiff's earlier social security application. Plaintiff is correct, as his earlier application was for Disability Insurance Benefits only even though his subsequent application included supplemental security income to which § 416.1488 applies. Nevertheless, the Court did not base its decision solely on the time limitation for reopening an application for benefits set forth in the regulation when

---

[1] Pursuant to subsection (c) of the rule, "[a] motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

[2] In its entirety, Rule 60(b) reads:

On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

2

reaching its conclusion. Instead, as indicated in the Court's opinion and order, it also found nothing in the record to suggest that the ALJ reopened the earlier case. (Doc. 22 at 6.)

The Court further stated in its decision that it was adopting Magistrate Judge Majzoub's Report and Recommendation, which included her analysis on the reopening issue. While Plaintiff argues that there was evidence that the ALJ reopened the earlier case, these are arguments that the magistrate judge and this Court have considered and rejected. Plaintiff's disagreement with the outcome does not set forth a reason for relief under Rule 60(b)(6). This is particularly true where the magistrate judge and this Court have considered the medical opinions submitted in support of Plaintiff's earlier application for benefits.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Amend Judgment or Alternatively for Relief from Judgment is **DENIED**.

Date: April 13, 2012      s/PATRICK S. DUGGAN
                          UNITED STATES DISTRICT JUDGE

Copies:
Frederick J. Daley Jr., Esq.
AUSA Lynn M. Dodge

3