UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY T. GAY,

      Plaintiff,

                                   Case No. 11-cv-10771

v.                                 Honorable Patrick J. Duggan

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEES

Plaintiff initiated this lawsuit on February 24, 2011, seeking judicial review of Defendant's determination that he is not entitled to social security disability benefits. One of the challenges Plaintiff raised to Defendant's determination was the Administrative Law Judge's failure to articulate whether he was reopening a prior decision denying Plaintiff benefits. On that basis, the Sixth Circuit remanded the matter to this Court with directions to remand the matter to the Social Security Administration for clarification. *Gay v. Comm'r of Soc. Sec.*, No. 12-1653, 2013 WL 1316130 (Apr. 2, 2013) (unpublished opinion). After obtaining the remand, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which currently is pending before this Court. Defendant opposes the motion, arguing that its position in the underlying action and in these civil proceedings was substantially justified. Alternatively, Defendant argues that Plaintiff's requested fees are excessive. For the

reasons that follow, the Court awards Plaintiff his attorney's fees but in an amount less than he requests.

## Procedural Background

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on April 12, 2005, alleging an onset date of October 1, 2004. His application was initially denied and then, after a hearing, denied by Administrative Law Judge ("ALJ") Michael Wilenkin. When making his decision, ALJ Wilenkin considered Plaintiff's testimony and reviewed medical records from three treating physicians.

Plaintiff filed a second application for benefits on January 14, 2008, alleging an onset date of October 13, 2007 (the date of ALJ Wilenkin's decision). The application was denied initially. Plaintiff requested a hearing, which was held before ALJ Timothy Scallen on January 8, 2010, where Plaintiff was represented by a non-attorney representative. At the hearing, Plaintiff amended his onset date to October 2, 2005.

On the day of the hearing, Plaintiff's representative asked ALJ Scallen to reopen ALJ Wilenkin's 2007 decision. ALJ Scallen never explicitly ruled on the request, although he did refer to ALJ Wilenkin's decision in his April 21, 2010 opinion denying Plaintiff's claim for benefits. In his decision, ALJ Scallen also referred to two cases which bind an ALJ, confronted with a second application for benefits, to favorable subsidiary findings from the previous determination, unless there is new and material evidence to the contrary. ALJ Scallen stated that he was not adopting ALJ Wilenkin's findings because new and material evidence indicated that Plaintiff suffered from

-2-

additional severe impairments that substantially limited him in ways not previously found. ALJ Scallen then addressed the medical evidence, including records from one of the three doctors whose records ALJ Wilenkin examined and discussed.

ALJ Scallen ultimately concluded, as had ALJ Wilenkin, that Plaintiff was not disabled. ALJ Wilenkin found that Plaintiff could perform his past relevant work; whereas ALJ Scallen found that Plaintiff could not perform his past work, but that he could perform other work in the economy. After the Appeals Council declined Plaintiff's request for review, rendering ALJ Scallen's decision the final decision of the Commissioner, Plaintiff filed this action and it was assigned to the undersigned.

The parties thereafter filed cross motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub. As indicated earlier, Plaintiff argued in his motion that ALJ Scallen reopened ALJ Wilenkin's prior decision but did not follow the social security regulations applicable when a case is reopened. In a report and recommendation issued January 5, 2012, Magistrate Judge Majzoub concluded that ALJ Scallen in fact had not reopened the prior decision. She also held that substantial evidence supported ALJ Scallen's decision that Plaintiff is not disabled.

Plaintiff filed objections, which this Court denied in an opinion and order issued February 22, 2012. Most relevant to the present motion, this Court incorrectly determined that ALJ Scallen had no authority to reopen the earlier case because more than two years had passed between the initial decision and Plaintiff's second application for benefits. In fact, the applicable regulations allow an ALJ to reopen a prior decision adjudicating a

-3-

claim for Disability Insurance Benefits within *four* years of the initial determination if the

ALJ finds "good cause" to do so.  *See* 20 C.F. R. § 404.988(b).  This Court also agreed

with Magistrate Judge Majzoub that substantial evidence supported ALJ Scallen's

decision.

Plaintiff appealed and, as set forth earlier, the Sixth Circuit Court of Appeals

reversed and remanded, with instructions for this Court to remand the matter to the

Commissioner for clarification as to whether the ALJ reopened the earlier application.

The appellate court found itself "at a loss to discern whether ALJ Scallen reopened the

earlier period" in Plaintiff's case, remarking that "ALJ Scallen's opinion presents a

conundrum that we find impossible to solve."  *Gay*, 2013 WL 1316130, at *4.  On

remand, this Court issued an amended judgment remanding the matter to the

Commissioner.  Although not specified in the amended judgment, the remand was

pursuant to sentence four of 42 U.S.C. § 405(g).

### The EAJA

The EAJA provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees
> and other expenses, in addition to any costs awarded pursuant to subsection
> (a), incurred by that party in any civil action (other than cases sounding in
> tort), including proceedings for judicial review of agency action, brought by
> or against the United States in any court having jurisdiction of that action,
> unless the court finds that the position of the United States was substantially
> justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). A plaintiff who has obtained a remand pursuant to sentence four of

42 U.S.C. § 405(g) is considered a "prevailing party" for purposes of the EAJA. *Shalala*

-4-

*v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 2631-32 (1993). The only dispute between the parties here as to whether Plaintiff is entitled to attorney's fees under § 2412 is whether the government's position was "substantially justified" so as to preclude an award.

" 'Substantially justified' means 'justified in substance or in the main– that is, justified to a degree that could satisfy a reasonable person.' " *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988)).  To be substantially justified, the government's position must be reasonable both in law and fact.  *Pierce*, 487 U.S. at 559, 108 S. Ct. at 2547; *see also Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  "[A] position can be justified even though it is not correct . . .."  *Pierce*, 487 U.S. at 556 n.2, 108 S. Ct. at 2550 n.2.  As well, the government's position may have been substantially justified even if it lost the case.  *Howard v. Barnhart*, 378 F.3d 551, 554 (6th Cir. 2004).

### Application

This Court agrees with Plaintiff that the Government's failure to consent to a remand at the onset was not substantially justified.  As the Sixth Circuit found, ALJ Scallen's decision was too unclear to permit meaningful review.  *See Gay, supra*; *see also Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *3 (6th Cir. Feb. 2, 1999) (unpublished opinion) (providing that "[t]o be entitled to substantial deference . . . agency rulings must clearly articulate the rationale underlying the decision"); *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984) ("The rationale for a disability decision must

-5-

be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.").  As the Sixth Circuit concluded, it is impossible to determine from ALJ Scallen's opinion whether he did or did not reopen ALJ Wilenkin's decision. Moreover, ALJ Scallen failed to comply with the applicable regulations regardless of whether he reopened or declined to reopen ALJ Wilenkin's decision.

If ALJ Scallen reopened the earlier case, he was required to reevaluate *de novo* all the evidence considered by ALJ Wilenkin, including the opinions of Plaintiff's treating physicians that were presented before.  *See Haddix v. Astrue*, No. 10-30-ART, 2010 WL 4683766, at *3 (E.D. Ky. Nov. 12, 2010) (unpublished opinion).  ALJ Scallen did not discuss two of the three treating physicians' opinions.  *See Gay*, 2013 WL 1316130, at *2. An ALJ must "give good reasons" for giving particular weight or no weight to a treating source's opinions.  *See Smith v. Comm'r of Soc. Sec'y*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see also Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541, (6th Cir. 2004) (providing that reversal is *required* when an ALJ fails to follow the agency's regulation requiring "giv[ing] good reasons" for not giving weight to a treating physician's opinions).

If ALJ Scallen in fact did not reopen the earlier case, he was bound by ALJ Wilenkin's prior decision under the Social Security Administration regulations unless he found changed circumstances.  *See Haddix*, 2010 WL 4683766, at *2-3 (outlining three analytic paths available to an ALJ deciding a second application for benefits).  If ALJ Scallen found changed circumstances, he could review evidence relevant to the new

period but had to leave the prior decision untouched.  *Id.*  ALJ Scallen, however, did not

bind himself to ALJ Wilenkin's decision regarding Plaintiff's ability to perform his prior

work.

 While the Court agrees with Plaintiff that he is entitled to an award of attorney's

fees, it agrees with Defendant that the amount requested is excessive.  Except for .59

hours billed by a paralegal (which Defendant contends was clerical or administrative in

nature), Defendant does not take issue with the hours billed by Plaintiff's counsel.  (*See*

Def.'s Resp. Br. at 7-15.)  Instead, Defendant objects to the rates at which Plaintiff's

counsel seeks reimbursement: hourly rates for Plaintiff's counsel of $180.50 (2011),

$184.38 (2012), and $186.00 (2013) and an hourly rate of $100 for law clerks and

paralegals.

 Under the EAJA, the amount of attorney fees awarded

> shall be based upon the prevailing market rates for the kind and quality of
> services furnished, except that . . . attorney fees shall not be awarded in
> excess of $125 per hour unless the court determines that an increase in the
> cost of living or a special factor, such as the limited availability of qualified
> attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  A plaintiff requesting an increase in the hourly-fee rate bears

the burden of producing appropriate evidence to support the requested increase.  *Bryant v.*

*Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S.

886, 898, 104 S. Ct. 1541 (1984)).  The plaintiff "must 'produce satisfactory evidence– in

addition to the attorney's own affidavits– that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience, and reputation." *Id.* (quoting *Blum*, 465 U.S. at 895 n. 11, 104 S. Ct. 1541 n.11).

The evidence submitted in support of Plaintiff's motion fails to demonstrate support for an increased rate for cases in *this* District. *See Zanon v. Comm'r of Soc. Sec.*, No. 08-15337, 2010 WL 1524143, at *3 (E.D. Mich. April 15, 2010) (unpublished opinion) (citing cases holding that the appropriate market rate for calculating attorney's fees is the market in which the court sits). Plaintiff's evidence focuses on attorneys practicing in the Chicago area (where the offices of Plaintiff's counsel are located) or the Seventh Circuit. Plaintiff does not convince this Court that the paucity of competent counsel in this District warrants a higher rate. *See Grooms v. Comm'r of Soc. Sec.*, No. 2:08-14189, 2011 WL 4536886, at *4 (E.D. Mich. Sept. 13, 2011) (unpublished opinion). The Court therefore is limiting the hourly rate for Plaintiff's counsel to $125.00 per hour and for counsel's legal assistants to $75.00 per hour (as suggested by Defendant).

**Conclusion**

For the reasons set forth above, the Court concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA.  The Court awards Plaintiff fees totaling $13,000.60, representing 97.2 hours of attorney work billed at $125.00 per hour and 11.34 of legal assistant work billed at $75.00 per hour.  The award should be payable to Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant, pursuant to the EAJA assignment signed by Plaintiff (*see* Pl.'s Mot. Ex. G.), absent a debt owed by Plaintiff to the government.  *Astrue v. Ratliff*, – U.S. –, 130 S. Ct. 2521 (2010).  As such, Plaintiff's application for attorneys' fees under the Equal Access to Justice Act is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED.

Dated: August 29, 2013                     s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE


Copies to:
Frederick J. Daley, Jr., Esq.
Special AUSA Meghan L. O'Callaghan
AUSA Lynn M. Dodge

-9-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY T. GAY,

      Plaintiff,

                                    Case No. 11-cv-10771

v.                                Honorable Patrick J. Duggan

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEES

Plaintiff initiated this lawsuit on February 24, 2011, seeking judicial review of Defendant's determination that he is not entitled to social security disability benefits. One of the challenges Plaintiff raised to Defendant's determination was the Administrative Law Judge's failure to articulate whether he was reopening a prior decision denying Plaintiff benefits. On that basis, the Sixth Circuit remanded the matter to this Court with directions to remand the matter to the Social Security Administration for clarification. *Gay v. Comm'r of Soc. Sec.*, No. 12-1653, 2013 WL 1316130 (Apr. 2, 2013) (unpublished opinion). After obtaining the remand, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which currently is pending before this Court. Defendant opposes the motion, arguing that its position in the underlying action and in these civil proceedings was substantially justified. Alternatively, Defendant argues that Plaintiff's requested fees are excessive. For the

reasons that follow, the Court awards Plaintiff his attorney's fees but in an amount less than he requests.

**Procedural Background**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on April 12, 2005, alleging an onset date of October 1, 2004. His application was initially denied and then, after a hearing, denied by Administrative Law Judge ("ALJ") Michael Wilenkin. When making his decision, ALJ Wilenkin considered Plaintiff's testimony and reviewed medical records from three treating physicians.

Plaintiff filed a second application for benefits on January 14, 2008, alleging an onset date of October 13, 2007 (the date of ALJ Wilenkin's decision). The application was denied initially. Plaintiff requested a hearing, which was held before ALJ Timothy Scallen on January 8, 2010, where Plaintiff was represented by a non-attorney representative. At the hearing, Plaintiff amended his onset date to October 2, 2005.

On the day of the hearing, Plaintiff's representative asked ALJ Scallen to reopen ALJ Wilenkin's 2007 decision. ALJ Scallen never explicitly ruled on the request, although he did refer to ALJ Wilenkin's decision in his April 21, 2010 opinion denying Plaintiff's claim for benefits. In his decision, ALJ Scallen also referred to two cases which bind an ALJ, confronted with a second application for benefits, to favorable subsidiary findings from the previous determination, unless there is new and material evidence to the contrary. ALJ Scallen stated that he was not adopting ALJ Wilenkin's findings because new and material evidence indicated that Plaintiff suffered from

additional severe impairments that substantially limited him in ways not previously found.  ALJ Scallen then addressed the medical evidence, including records from one of the three doctors whose records ALJ Wilenkin examined and discussed.

ALJ Scallen ultimately concluded, as had ALJ Wilenkin, that Plaintiff was not disabled.  ALJ Wilenkin found that Plaintiff could perform his past relevant work; whereas ALJ Scallen found that Plaintiff could not perform his past work, but that he could perform other work in the economy.  After the Appeals Council declined Plaintiff's request for review, rendering ALJ Scallen's decision the final decision of the Commissioner, Plaintiff filed this action and it was assigned to the undersigned.

The parties thereafter filed cross motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub.  As indicated earlier, Plaintiff argued in his motion that ALJ Scallen reopened ALJ Wilenkin's prior decision but did not follow the social security regulations applicable when a case is reopened.  In a report and recommendation issued January 5, 2012, Magistrate Judge Majzoub concluded that ALJ Scallen in fact had not reopened the prior decision.  She also held that substantial evidence supported ALJ Scallen's decision that Plaintiff is not disabled.

Plaintiff filed objections, which this Court denied in an opinion and order issued February 22, 2012. Most relevant to the present motion, this Court incorrectly determined that ALJ Scallen had no authority to reopen the earlier case because more than two years had passed between the initial decision and Plaintiff's second application for benefits.  In fact, the applicable regulations allow an ALJ to reopen a prior decision adjudicating a

-3-

claim for Disability Insurance Benefits within *four* years of the initial determination if the ALJ finds "good cause" to do so. *See* 20 C.F.R. § 404.988(b). This Court also agreed with Magistrate Judge Majzoub that substantial evidence supported ALJ Scallen's decision.

Plaintiff appealed and, as set forth earlier, the Sixth Circuit Court of Appeals reversed and remanded, with instructions for this Court to remand the matter to the Commissioner for clarification as to whether the ALJ reopened the earlier application. The appellate court found itself "at a loss to discern whether ALJ Scallen reopened the earlier period" in Plaintiff's case, remarking that "ALJ Scallen's opinion presents a conundrum that we find impossible to solve." *Gay*, 2013 WL 1316130, at *4. On remand, this Court issued an amended judgment remanding the matter to the Commissioner. Although not specified in the amended judgment, the remand was pursuant to sentence four of 42 U.S.C. § 405(g).

### The EAJA

The EAJA provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). A plaintiff who has obtained a remand pursuant to sentence four of 42 U.S.C. § 405(g) is considered a "prevailing party" for purposes of the EAJA. *Shalala*

-4-

*v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 2631-32 (1993). The only dispute

between the parties here as to whether Plaintiff is entitled to attorney's fees under § 2412

is whether the government's position was "substantially justified" so as to preclude an

award.

"  'Substantially justified' means 'justified in substance or in the main– that is,

justified to a degree that could satisfy a reasonable person.' " *Marshall v. Comm'r of Soc.*

*Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565,

108 S. Ct. 2541, 2550 (1988)).  To be substantially justified, the government's position

must be reasonable both in law and fact.  *Pierce*, 487 U.S. at 559, 108 S. Ct. at 2547; *see*

*also Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  "[A] position can be

justified even though it is not correct . . .."  *Pierce*, 487 U.S. at 556 n.2, 108 S. Ct. at 2550

n.2.  As well, the government's position may have been substantially justified even if it

lost the case.  *Howard v. Barnhart*, 378 F.3d 551, 554 (6th Cir. 2004).

### Application

This Court agrees with Plaintiff that the Government's failure to consent to a

remand at the onset was not substantially justified.  As the Sixth Circuit found, ALJ

Scallen's decision was too unclear to permit meaningful review.  *See Gay, supra*; *see also*

*Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *3 (6th Cir. Feb. 2,

1999) (unpublished opinion) (providing that "[t]o be entitled to substantial deference . . .

agency rulings must clearly articulate the rationale underlying the decision"); *Zblewski v.*

*Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984) ("The rationale for a disability decision must

-5-

be written so that a clear picture of the case can be obtained. The rationale must follow an

orderly pattern and show clearly how specific evidence leads to a conclusion.").  As the

Sixth Circuit concluded, it is impossible to determine from ALJ Scallen's opinion

whether he did or did not reopen ALJ Wilenkin's decision. Moreover, ALJ Scallen failed

to comply with the applicable regulations regardless of whether he reopened or declined

to reopen ALJ Wilenkin's decision.

If ALJ Scallen reopened the earlier case, he was required to reevaluate *de novo* all

the evidence considered by ALJ Wilenkin, including the opinions of Plaintiff's treating

physicians that were presented before.  *See Haddix v. Astrue*, No. 10-30-ART, 2010 WL

4683766, at *3 (E.D. Ky. Nov. 12, 2010) (unpublished opinion).  ALJ Scallen did not

discuss two of the three treating physicians' opinions.  *See Gay*, 2013 WL 1316130, at *2.

An ALJ must "give good reasons" for giving particular weight or no weight to a treating

source's opinions.  *See Smith v. Comm'r of Soc. Sec'y*, 482 F.3d 873, 875-76 (6th Cir.

2007); *see also Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541, (6th Cir. 2004) (providing

that reversal is *required* when an ALJ fails to follow the agency's regulation requiring

"giv[ing] good reasons" for not giving weight to a treating physician's opinions).

If ALJ Scallen in fact did not reopen the earlier case, he was bound by ALJ

Wilenkin's prior decision under the Social Security Administration regulations unless he

found changed circumstances.  *See Haddix*, 2010 WL 4683766, at *2-3 (outlining three

analytic paths available to an ALJ deciding a second application for benefits).  If ALJ

Scallen found changed circumstances, he could review evidence relevant to the new

-6-

period but had to leave the prior decision untouched.  *Id*.  ALJ Scallen, however, did not

bind himself to ALJ Wilenkin's decision regarding Plaintiff's ability to perform his prior

work.

While the Court agrees with Plaintiff that he is entitled to an award of attorney's

fees, it agrees with Defendant that the amount requested is excessive.  Except for .59

hours billed by a paralegal (which Defendant contends was clerical or administrative in

nature), Defendant does not take issue with the hours billed by Plaintiff's counsel.  (*See*

Def.'s Resp. Br. at 7-15.)  Instead, Defendant objects to the rates at which Plaintiff's

counsel seeks reimbursement: hourly rates for Plaintiff's counsel of $180.50 (2011),

$184.38 (2012), and $186.00 (2013) and an hourly rate of $100 for law clerks and

paralegals.

Under the EAJA, the amount of attorney fees awarded

shall be based upon the prevailing market rates for the kind and quality of
services furnished, except that . . . attorney fees shall not be awarded in
excess of $125 per hour unless the court determines that an increase in the
cost of living or a special factor, such as the limited availability of qualified
attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  A plaintiff requesting an increase in the hourly-fee rate bears

the burden of producing appropriate evidence to support the requested increase.  *Bryant v.*

*Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S.

886, 898, 104 S. Ct. 1541 (1984)).  The plaintiff "must 'produce satisfactory evidence– in

addition to the attorney's own affidavits– that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable

-7-

skill, experience, and reputation." *Id.* (quoting *Blum*, 465 U.S. at 895 n. 11, 104 S. Ct. 1541 n.11).

The evidence submitted in support of Plaintiff's motion fails to demonstrate support for an increased rate for cases in *this* District. *See Zanon v. Comm'r of Soc. Sec.*, No. 08-15337, 2010 WL 1524143, at *3 (E.D. Mich. April 15, 2010) (unpublished opinion) (citing cases holding that the appropriate market rate for calculating attorney's fees is the market in which the court sits). Plaintiff's evidence focuses on attorneys practicing in the Chicago area (where the offices of Plaintiff's counsel are located) or the Seventh Circuit. Plaintiff does not convince this Court that the paucity of competent counsel in this District warrants a higher rate. *See Grooms v. Comm'r of Soc. Sec.*, No. 2:08-14189, 2011 WL 4536886, at *4 (E.D. Mich. Sept. 13, 2011) (unpublished opinion). The Court therefore is limiting the hourly rate for Plaintiff's counsel to $125.00 per hour and for counsel's legal assistants to $75.00 per hour (as suggested by Defendant).

**Conclusion**

For the reasons set forth above, the Court concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA.  The Court awards Plaintiff fees totaling $13,000.60, representing 97.2 hours of attorney work billed at $125.00 per hour and 11.34 of legal assistant work billed at $75.00 per hour.  The award should be payable to Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant, pursuant to the EAJA assignment signed by Plaintiff (*see* Pl.'s Mot. Ex. G.), absent a debt owed by Plaintiff to the government.  *Astrue v. Ratliff*, – U.S. –, 130 S. Ct. 2521 (2010).  As such, Plaintiff's application for attorneys' fees under the Equal Access to Justice Act is **GRANTED IN PART AND DENIED IN PART**.

    **SO ORDERED**.

Dated: August 29, 2013                          s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE


Copies to:
Frederick J. Daley, Jr., Esq.
Special AUSA Meghan L. O'Callaghan
AUSA Lynn M. Dodge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY T. GAY,

      Plaintiff,

                                    Case No. 11-cv-10771

v.                                 Honorable Patrick J. Duggan

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEES

Plaintiff initiated this lawsuit on February 24, 2011, seeking judicial review of Defendant's determination that he is not entitled to social security disability benefits. One of the challenges Plaintiff raised to Defendant's determination was the Administrative Law Judge's failure to articulate whether he was reopening a prior decision denying Plaintiff benefits. On that basis, the Sixth Circuit remanded the matter to this Court with directions to remand the matter to the Social Security Administration for clarification. *Gay v. Comm'r of Soc. Sec.*, No. 12-1653, 2013 WL 1316130 (Apr. 2, 2013) (unpublished opinion). After obtaining the remand, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which currently is pending before this Court. Defendant opposes the motion, arguing that its position in the underlying action and in these civil proceedings was substantially justified. Alternatively, Defendant argues that Plaintiff's requested fees are excessive. For the

reasons that follow, the Court awards Plaintiff his attorney's fees but in an amount less than he requests.

**Procedural Background**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on April 12, 2005, alleging an onset date of October 1, 2004. His application was initially denied and then, after a hearing, denied by Administrative Law Judge ("ALJ") Michael Wilenkin. When making his decision, ALJ Wilenkin considered Plaintiff's testimony and reviewed medical records from three treating physicians.

Plaintiff filed a second application for benefits on January 14, 2008, alleging an onset date of October 13, 2007 (the date of ALJ Wilenkin's decision). The application was denied initially. Plaintiff requested a hearing, which was held before ALJ Timothy Scallen on January 8, 2010, where Plaintiff was represented by a non-attorney representative. At the hearing, Plaintiff amended his onset date to October 2, 2005.

On the day of the hearing, Plaintiff's representative asked ALJ Scallen to reopen ALJ Wilenkin's 2007 decision. ALJ Scallen never explicitly ruled on the request, although he did refer to ALJ Wilenkin's decision in his April 21, 2010 opinion denying Plaintiff's claim for benefits. In his decision, ALJ Scallen also referred to two cases which bind an ALJ, confronted with a second application for benefits, to favorable subsidiary findings from the previous determination, unless there is new and material evidence to the contrary. ALJ Scallen stated that he was not adopting ALJ Wilenkin's findings because new and material evidence indicated that Plaintiff suffered from

-2-

additional severe impairments that substantially limited him in ways not previously found. ALJ Scallen then addressed the medical evidence, including records from one of the three doctors whose records ALJ Wilenkin examined and discussed.

ALJ Scallen ultimately concluded, as had ALJ Wilenkin, that Plaintiff was not disabled. ALJ Wilenkin found that Plaintiff could perform his past relevant work; whereas ALJ Scallen found that Plaintiff could not perform his past work, but that he could perform other work in the economy. After the Appeals Council declined Plaintiff's request for review, rendering ALJ Scallen's decision the final decision of the Commissioner, Plaintiff filed this action and it was assigned to the undersigned.

The parties thereafter filed cross motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub. As indicated earlier, Plaintiff argued in his motion that ALJ Scallen reopened ALJ Wilenkin's prior decision but did not follow the social security regulations applicable when a case is reopened. In a report and recommendation issued January 5, 2012, Magistrate Judge Majzoub concluded that ALJ Scallen in fact had not reopened the prior decision. She also held that substantial evidence supported ALJ Scallen's decision that Plaintiff is not disabled.

Plaintiff filed objections, which this Court denied in an opinion and order issued February 22, 2012. Most relevant to the present motion, this Court incorrectly determined that ALJ Scallen had no authority to reopen the earlier case because more than two years had passed between the initial decision and Plaintiff's second application for benefits. In fact, the applicable regulations allow an ALJ to reopen a prior decision adjudicating a

-3-

claim for Disability Insurance Benefits within *four* years of the initial determination if the

ALJ finds "good cause" to do so.  *See* 20 C.F.R. § 404.988(b).  This Court also agreed

with Magistrate Judge Majzoub that substantial evidence supported ALJ Scallen's

decision.

Plaintiff appealed and, as set forth earlier, the Sixth Circuit Court of Appeals

reversed and remanded, with instructions for this Court to remand the matter to the

Commissioner for clarification as to whether the ALJ reopened the earlier application.

The appellate court found itself "at a loss to discern whether ALJ Scallen reopened the

earlier period" in Plaintiff's case, remarking that "ALJ Scallen's opinion presents a

conundrum that we find impossible to solve."  *Gay*, 2013 WL 1316130, at *4.  On

remand, this Court issued an amended judgment remanding the matter to the

Commissioner.  Although not specified in the amended judgment, the remand was

pursuant to sentence four of 42 U.S.C. § 405(g).

### The EAJA

The EAJA provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees
> and other expenses, in addition to any costs awarded pursuant to subsection
> (a), incurred by that party in any civil action (other than cases sounding in
> tort), including proceedings for judicial review of agency action, brought by
> or against the United States in any court having jurisdiction of that action,
> unless the court finds that the position of the United States was substantially
> justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). A plaintiff who has obtained a remand pursuant to sentence four of

42 U.S.C. § 405(g) is considered a "prevailing party" for purposes of the EAJA. *Shalala*

-4-

*v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 2631-32 (1993). The only dispute between the parties here as to whether Plaintiff is entitled to attorney's fees under § 2412 is whether the government's position was "substantially justified" so as to preclude an award.

" 'Substantially justified' means 'justified in substance or in the main– that is, justified to a degree that could satisfy a reasonable person.' " *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988)).  To be substantially justified, the government's position must be reasonable both in law and fact.  *Pierce*, 487 U.S. at 559, 108 S. Ct. at 2547; *see also Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  "[A] position can be justified even though it is not correct . . .."  *Pierce*, 487 U.S. at 556 n.2, 108 S. Ct. at 2550 n.2.  As well, the government's position may have been substantially justified even if it lost the case.  *Howard v. Barnhart*, 378 F.3d 551, 554 (6th Cir. 2004).

### Application

This Court agrees with Plaintiff that the Government's failure to consent to a remand at the onset was not substantially justified.  As the Sixth Circuit found, ALJ Scallen's decision was too unclear to permit meaningful review.  *See Gay, supra*; *see also Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *3 (6th Cir. Feb. 2, 1999) (unpublished opinion) (providing that "[t]o be entitled to substantial deference . . . agency rulings must clearly articulate the rationale underlying the decision"); *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984) ("The rationale for a disability decision must

be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.").  As the Sixth Circuit concluded, it is impossible to determine from ALJ Scallen's opinion whether he did or did not reopen ALJ Wilenkin's decision. Moreover, ALJ Scallen failed to comply with the applicable regulations regardless of whether he reopened or declined to reopen ALJ Wilenkin's decision.

If ALJ Scallen reopened the earlier case, he was required to reevaluate *de novo* all the evidence considered by ALJ Wilenkin, including the opinions of Plaintiff's treating physicians that were presented before. *See Haddix v. Astrue*, No. 10-30-ART, 2010 WL 4683766, at *3 (E.D. Ky. Nov. 12, 2010) (unpublished opinion).  ALJ Scallen did not discuss two of the three treating physicians' opinions. *See Gay*, 2013 WL 1316130, at *2. An ALJ must "give good reasons" for giving particular weight or no weight to a treating source's opinions. *See Smith v. Comm'r of Soc. Sec'y*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see also Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541, (6th Cir. 2004) (providing that reversal is *required* when an ALJ fails to follow the agency's regulation requiring "giv[ing] good reasons" for not giving weight to a treating physician's opinions).

If ALJ Scallen in fact did not reopen the earlier case, he was bound by ALJ Wilenkin's prior decision under the Social Security Administration regulations unless he found changed circumstances.  *See Haddix*, 2010 WL 4683766, at *2-3 (outlining three analytic paths available to an ALJ deciding a second application for benefits).  If ALJ Scallen found changed circumstances, he could review evidence relevant to the new

-6-

period but had to leave the prior decision untouched.  *Id.*  ALJ Scallen, however, did not

bind himself to ALJ Wilenkin's decision regarding Plaintiff's ability to perform his prior

work.

While the Court agrees with Plaintiff that he is entitled to an award of attorney's

fees, it agrees with Defendant that the amount requested is excessive.  Except for .59

hours billed by a paralegal (which Defendant contends was clerical or administrative in

nature), Defendant does not take issue with the hours billed by Plaintiff's counsel.  (*See*

Def.'s Resp. Br. at 7-15.)  Instead, Defendant objects to the rates at which Plaintiff's

counsel seeks reimbursement: hourly rates for Plaintiff's counsel of $180.50 (2011),

$184.38 (2012), and $186.00 (2013) and an hourly rate of $100 for law clerks and

paralegals.

Under the EAJA, the amount of attorney fees awarded

> shall be based upon the prevailing market rates for the kind and quality of
> services furnished, except that . . . attorney fees shall not be awarded in
> excess of $125 per hour unless the court determines that an increase in the
> cost of living or a special factor, such as the limited availability of qualified
> attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  A plaintiff requesting an increase in the hourly-fee rate bears

the burden of producing appropriate evidence to support the requested increase.  *Bryant v.*

*Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S.

886, 898, 104 S. Ct. 1541 (1984)).  The plaintiff "must 'produce satisfactory evidence– in

addition to the attorney's own affidavits– that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable

-7-

skill, experience, and reputation." *Id.* (quoting *Blum*, 465 U.S. at 895 n. 11, 104 S. Ct. 1541 n.11).

The evidence submitted in support of Plaintiff's motion fails to demonstrate support for an increased rate for cases in *this* District. *See Zanon v. Comm'r of Soc. Sec.*, No. 08-15337, 2010 WL 1524143, at *3 (E.D. Mich. April 15, 2010) (unpublished opinion) (citing cases holding that the appropriate market rate for calculating attorney's fees is the market in which the court sits). Plaintiff's evidence focuses on attorneys practicing in the Chicago area (where the offices of Plaintiff's counsel are located) or the Seventh Circuit. Plaintiff does not convince this Court that the paucity of competent counsel in this District warrants a higher rate. *See Grooms v. Comm'r of Soc. Sec.*, No. 2:08-14189, 2011 WL 4536886, at *4 (E.D. Mich. Sept. 13, 2011) (unpublished opinion). The Court therefore is limiting the hourly rate for Plaintiff's counsel to $125.00 per hour and for counsel's legal assistants to $75.00 per hour (as suggested by Defendant).

**Conclusion**

For the reasons set forth above, the Court concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA. The Court awards Plaintiff fees totaling $13,000.60, representing 97.2 hours of attorney work billed at $125.00 per hour and 11.34 of legal assistant work billed at $75.00 per hour. The award should be payable to Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant, pursuant to the EAJA assignment signed by Plaintiff (*see* Pl.'s Mot. Ex. G.), absent a debt owed by Plaintiff to the government. *Astrue v. Ratliff*, – U.S. –, 130 S. Ct. 2521 (2010). As such, Plaintiff's application for attorneys' fees under the Equal Access to Justice Act is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**.

Dated: August 29, 2013                          s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE


Copies to:
Frederick J. Daley, Jr., Esq.
Special AUSA Meghan L. O'Callaghan
AUSA Lynn M. Dodge

-9-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY T. GAY,

      Plaintiff,

                                     Case No. 11-cv-10771

v.                                Honorable Patrick J. Duggan

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR ATTORNEY FEES

       Plaintiff initiated this lawsuit on February 24, 2011, seeking judicial review of Defendant's determination that he is not entitled to social security disability benefits. One of the challenges Plaintiff raised to Defendant's determination was the Administrative Law Judge's failure to articulate whether he was reopening a prior decision denying Plaintiff benefits. On that basis, the Sixth Circuit remanded the matter to this Court with directions to remand the matter to the Social Security Administration for clarification. *Gay v. Comm'r of Soc. Sec.*, No. 12-1653, 2013 WL 1316130 (Apr. 2, 2013) (unpublished opinion). After obtaining the remand, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which currently is pending before this Court. Defendant opposes the motion, arguing that its position in the underlying action and in these civil proceedings was substantially justified. Alternatively, Defendant argues that Plaintiff's requested fees are excessive. For the

reasons that follow, the Court awards Plaintiff his attorney's fees but in an amount less
than he requests.

### Procedural Background

Plaintiff applied for Disability Insurance Benefits and Supplemental Security
Income on April 12, 2005, alleging an onset date of October 1, 2004.  His application was
initially denied and then, after a hearing, denied by Administrative Law Judge ("ALJ")
Michael Wilenkin.  When making his decision, ALJ Wilenkin considered Plaintiff's
testimony and reviewed medical records from three treating physicians.

Plaintiff filed a second application for benefits on January 14, 2008, alleging an
onset date of October 13, 2007 (the date of ALJ Wilenkin's decision).  The application
was denied initially.  Plaintiff requested a hearing, which was held before ALJ Timothy
Scallen on January 8, 2010, where Plaintiff was represented by a non-attorney
representative.  At the hearing, Plaintiff amended his onset date to October 2, 2005.

On the day of the hearing, Plaintiff's representative asked ALJ Scallen to reopen
ALJ Wilenkin's 2007 decision.  ALJ Scallen never explicitly ruled on the request,
although he did refer to ALJ Wilenkin's decision in his April 21, 2010 opinion denying
Plaintiff's claim for benefits.  In his decision, ALJ Scallen also referred to two cases
which bind an ALJ, confronted with a second application for benefits, to favorable
subsidiary findings from the previous determination, unless there is new and material
evidence to the contrary.  ALJ Scallen stated that he was not adopting ALJ Wilenkin's
findings because new and material evidence indicated that Plaintiff suffered from

additional severe impairments that substantially limited him in ways not previously found.  ALJ Scallen then addressed the medical evidence, including records from one of the three doctors whose records ALJ Wilenkin examined and discussed.

ALJ Scallen ultimately concluded, as had ALJ Wilenkin, that Plaintiff was not disabled.  ALJ Wilenkin found that Plaintiff could perform his past relevant work; whereas ALJ Scallen found that Plaintiff could not perform his past work, but that he could perform other work in the economy.  After the Appeals Council declined Plaintiff's request for review, rendering ALJ Scallen's decision the final decision of the Commissioner, Plaintiff filed this action and it was assigned to the undersigned.

The parties thereafter filed cross motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub.  As indicated earlier, Plaintiff argued in his motion that ALJ Scallen reopened ALJ Wilenkin's prior decision but did not follow the social security regulations applicable when a case is reopened.  In a report and recommendation issued January 5, 2012, Magistrate Judge Majzoub concluded that ALJ Scallen in fact had not reopened the prior decision.  She also held that substantial evidence supported ALJ Scallen's decision that Plaintiff is not disabled.

Plaintiff filed objections, which this Court denied in an opinion and order issued February 22, 2012. Most relevant to the present motion, this Court incorrectly determined that ALJ Scallen had no authority to reopen the earlier case because more than two years had passed between the initial decision and Plaintiff's second application for benefits.  In fact, the applicable regulations allow an ALJ to reopen a prior decision adjudicating a

-3-

claim for Disability Insurance Benefits within *four* years of the initial determination if the

ALJ finds "good cause" to do so.  *See* 20 C.F. R. § 404.988(b).  This Court also agreed

with Magistrate Judge Majzoub that substantial evidence supported ALJ Scallen's

decision.

Plaintiff appealed and, as set forth earlier, the Sixth Circuit Court of Appeals

reversed and remanded, with instructions for this Court to remand the matter to the

Commissioner for clarification as to whether the ALJ reopened the earlier application.

The appellate court found itself "at a loss to discern whether ALJ Scallen reopened the

earlier period" in Plaintiff's case, remarking that "ALJ Scallen's opinion presents a

conundrum that we find impossible to solve."  *Gay*, 2013 WL 1316130, at *4.  On

remand, this Court issued an amended judgment remanding the matter to the

Commissioner.  Although not specified in the amended judgment, the remand was

pursuant to sentence four of 42 U.S.C. § 405(g).

### The EAJA

The EAJA provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees
> and other expenses, in addition to any costs awarded pursuant to subsection
> (a), incurred by that party in any civil action (other than cases sounding in
> tort), including proceedings for judicial review of agency action, brought by
> or against the United States in any court having jurisdiction of that action,
> unless the court finds that the position of the United States was substantially
> justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). A plaintiff who has obtained a remand pursuant to sentence four of

42 U.S.C. § 405(g) is considered a "prevailing party" for purposes of the EAJA. *Shalala*

-4-

*v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 2631-32 (1993). The only dispute

between the parties here as to whether Plaintiff is entitled to attorney's fees under § 2412

is whether the government's position was "substantially justified" so as to preclude an

award.

      " 'Substantially justified' means 'justified in substance or in the main– that is,

justified to a degree that could satisfy a reasonable person.' " *Marshall v. Comm'r of Soc.*

*Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565,

108 S. Ct. 2541, 2550 (1988)).  To be substantially justified, the government's position

must be reasonable both in law and fact.  *Pierce*, 487 U.S. at 559, 108 S. Ct. at 2547; *see*

*also Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  "[A] position can be

justified even though it is not correct . . .."  *Pierce*, 487 U.S. at 556 n.2, 108 S. Ct. at 2550

n.2.  As well, the government's position may have been substantially justified even if it

lost the case.  *Howard v. Barnhart*, 378 F.3d 551, 554 (6th Cir. 2004).

## Application

      This Court agrees with Plaintiff that the Government's failure to consent to a

remand at the onset was not substantially justified.  As the Sixth Circuit found, ALJ

Scallen's decision was too unclear to permit meaningful review.  *See Gay, supra*; *see also*

*Bailey v. Comm'r of Soc. Sec.*, No. 98-3061, 1999 WL 96920, at *3 (6th Cir. Feb. 2,

1999) (unpublished opinion) (providing that "[t]o be entitled to substantial deference . . .

agency rulings must clearly articulate the rationale underlying the decision"); *Zblewski v.*

*Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984) ("The rationale for a disability decision must

be written so that a clear picture of the case can be obtained. The rationale must follow an

orderly pattern and show clearly how specific evidence leads to a conclusion.").  As the

Sixth Circuit concluded, it is impossible to determine from ALJ Scallen's opinion

whether he did or did not reopen ALJ Wilenkin's decision. Moreover, ALJ Scallen failed

to comply with the applicable regulations regardless of whether he reopened or declined

to reopen ALJ Wilenkin's decision.

If ALJ Scallen reopened the earlier case, he was required to reevaluate *de novo* all

the evidence considered by ALJ Wilenkin, including the opinions of Plaintiff's treating

physicians that were presented before. *See Haddix v. Astrue*, No. 10-30-ART, 2010 WL

4683766, at *3 (E.D. Ky. Nov. 12, 2010) (unpublished opinion).  ALJ Scallen did not

discuss two of the three treating physicians' opinions. *See Gay*, 2013 WL 1316130, at *2.

An ALJ must "give good reasons" for giving particular weight or no weight to a treating

source's opinions. *See Smith v. Comm'r of Soc. Sec'y*, 482 F.3d 873, 875-76 (6th Cir.

2007); *see also Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541, (6th Cir. 2004) (providing

that reversal is *required* when an ALJ fails to follow the agency's regulation requiring

"giv[ing] good reasons" for not giving weight to a treating physician's opinions).

If ALJ Scallen in fact did not reopen the earlier case, he was bound by ALJ

Wilenkin's prior decision under the Social Security Administration regulations unless he

found changed circumstances.  *See Haddix*, 2010 WL 4683766, at *2-3 (outlining three

analytic paths available to an ALJ deciding a second application for benefits).  If ALJ

Scallen found changed circumstances, he could review evidence relevant to the new

-6-

period but had to leave the prior decision untouched. *Id.* ALJ Scallen, however, did not

bind himself to ALJ Wilenkin's decision regarding Plaintiff's ability to perform his prior

work.

      While the Court agrees with Plaintiff that he is entitled to an award of attorney's

fees, it agrees with Defendant that the amount requested is excessive.  Except for .59

hours billed by a paralegal (which Defendant contends was clerical or administrative in

nature), Defendant does not take issue with the hours billed by Plaintiff's counsel.  (*See*

Def.'s Resp. Br. at 7-15.)  Instead, Defendant objects to the rates at which Plaintiff's

counsel seeks reimbursement: hourly rates for Plaintiff's counsel of $180.50 (2011),

$184.38 (2012), and $186.00 (2013) and an hourly rate of $100 for law clerks and

paralegals.

      Under the EAJA, the amount of attorney fees awarded

> shall be based upon the prevailing market rates for the kind and quality of
> services furnished, except that . . . attorney fees shall not be awarded in
> excess of $125 per hour unless the court determines that an increase in the
> cost of living or a special factor, such as the limited availability of qualified
> attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  A plaintiff requesting an increase in the hourly-fee rate bears

the burden of producing appropriate evidence to support the requested increase.  *Bryant v.*

*Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S.

886, 898, 104 S. Ct. 1541 (1984)).  The plaintiff "must 'produce satisfactory evidence– in

addition to the attorney's own affidavits– that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable

-7-

skill, experience, and reputation." *Id.* (quoting *Blum*, 465 U.S. at 895 n. 11, 104 S. Ct. 1541 n.11).

The evidence submitted in support of Plaintiff's motion fails to demonstrate support for an increased rate for cases in *this* District. *See Zanon v. Comm'r of Soc. Sec.*, No. 08-15337, 2010 WL 1524143, at *3 (E.D. Mich. April 15, 2010) (unpublished opinion) (citing cases holding that the appropriate market rate for calculating attorney's fees is the market in which the court sits). Plaintiff's evidence focuses on attorneys practicing in the Chicago area (where the offices of Plaintiff's counsel are located) or the Seventh Circuit. Plaintiff does not convince this Court that the paucity of competent counsel in this District warrants a higher rate. *See Grooms v. Comm'r of Soc. Sec.*, No. 2:08-14189, 2011 WL 4536886, at *4 (E.D. Mich. Sept. 13, 2011) (unpublished opinion). The Court therefore is limiting the hourly rate for Plaintiff's counsel to $125.00 per hour and for counsel's legal assistants to $75.00 per hour (as suggested by Defendant).

**Conclusion**

For the reasons set forth above, the Court concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA.  The Court awards Plaintiff fees totaling $13,000.60, representing 97.2 hours of attorney work billed at $125.00 per hour and 11.34 of legal assistant work billed at $75.00 per hour.  The award should be payable to Frederick J. Daley, Jr. and Daley, DeBofsky & Bryant, pursuant to the EAJA assignment signed by Plaintiff (*see* Pl.'s Mot. Ex. G.), absent a debt owed by Plaintiff to the government.  *Astrue v. Ratliff*, – U.S. –, 130 S. Ct. 2521 (2010).  As such, Plaintiff's application for attorneys' fees under the Equal Access to Justice Act is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED**.

Dated: August 29, 2013                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE


Copies to:
Frederick J. Daley, Jr., Esq.
Special AUSA Meghan L. O'Callaghan
AUSA Lynn M. Dodge

-9-