UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY T. GAY,

    Plaintiff,

v.                                       Case No. 11-cv-10771
                                       Honorable Patrick J. Duggan

CAROLYN W. COLVIN,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND ORDER PURSUANT TO FED. R. CIV. P. 59(e) OR ALTERNATIVELY MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(b)

This matter currently is before the Court on Plaintiff's motion seeking an upward adjustment of the hourly rate used to calculate the attorney's fees this Court awarded in its August 29, 2013 Opinion and Order Granting in Part and Denying in Part Plaintiff's Petition for Attorney Fees. Plaintiff's pending motion was filed on September 9, 2013. Defendant was given until October 7, 2013 to respond to the motion, but has failed to file a response. While the Court speculates that the lack of a response results from the United States Government's current shut-down status, it declines to await a response, concluding without Defendant's input that Plaintiff's motion should be denied.

In his motion for attorney's fees, Plaintiff requested the following hourly

rates for his counsel: $180.50 (2011), $184.38 (2012), and $186.00 (2013). This Court found these amounts excessive and stuck with the Equal Access to Justice Act's statutory rate of $125.00 per hour. The Court concluded that Plaintiff failed to demonstrate support for an increased rate. Plaintiff now argues that the Court misapprehended the law or the evidence presented. The Court did not.

The Equal Access to Justice Act ("EAJA") sets a $125 statutory cap on the hourly rate that the prevailing party may be reimbursed. 28 U.S.C. § 2412(d)(2)(A). An award in excess of the cap must be justified by "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved." *Id*. It is within the Court's discretion to award EAJA fees at a rate greater than the statutory rate. *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 198 (6th Cir. 1992). The Court "consider[s] and determine [s], as an exercise of its discretion, whether increases in the cost of living justify an award in excess of [the statutory cap]." *Id*. at 200. The Sixth Circuit has stressed that the EAJA's statutory rate "is a ceiling and not a floor," and that the district court should "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Id*. at 199-200.

This Court carefully considered whether an award in excess of the statutory cap should be granted in this case, as well as whether the Government's position

2

was substantially justified. Neither determination was easy in this matter. In the end, the Court is not convinced that this is a case where the statutory cap should be exceeded, regardless of any increase in the cost of living or limited evidence suggesting that there is a paucity of competent counsel in this District willing to handle such matters.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Amend Order or Alternatively Motion for Relief is **DENIED**.

Dated: October 15, 2013         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Frederick J. Daley, Jr., Esq.
Special AUSA Meghan L. O'Callaghan
AUSA Lynn M. Dodge